24JE-CC00072

Electronically Filed - JEFFERSON - January 24, 2024 - 10:06 AM

IN THE
CIRCUIT COURT OF JEFFERSON COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| CHRISTOPHER PROSSER, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiffs. | ) ) | |
| Vs. | ) ) | No. |
| Medica Central Insurance Company | ) | COMPLAINT CLASS ACTION |
| Registered Agent: | ) | |
| CT Corporation | ) | JURY TRIAL DEMANDED |
| 120 S. Central | ) | |
| St. Louis, MO 63015; and | ) ) | |
| John and Jane Does 1 through 18 | ) | |
| Registered Agent: | ) | |
| CT Corporation | ) | |
| 120 S. Central | ) | |
| St. Louis, MO 63015 | ) ) | |
| Defendants. | ) | |

---

**COMPLAINT CLASS ACTION**

---

Plaintiff, Christopher Prosser, appearing both individually and on behalf of all others similarly situated, by and through his Counsel Edwin V. Butler, files this Class Action Complaint against Defendants Medica Central Insurance Company, and John and Jane Does 1 through 18, (hereinafter, "Medica" and "Does"), based upon personal knowledge as to his own acts and experiences and, as to all other matters, based upon information and belief, including the investigation conducted by his counsel, and alleges as follows:

**Nature of the Action**

1

Electronically Filed - JEFFERSON - January 24, 2024 - 10:06 AM

1.      This is a class action under the Missouri No Call List and Telemarketing prohibitions set forth in §407.1098.1 and Mo. Rev. Stat. § 407.1076.

2.      This is also a class action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, 47 U.S.C. § 227(b)(1)(A), and  a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs.*, *LLC,*132 S. Ct. 740, 745 (2012).

3.      Defendants Medica and Does offer a service where they solicit individuals to purchase various types of insurance policies.

4.      Defendants Medica and Does use automated systems to make outbound telemarketing calls and text messages to hundreds if not thousands of consumers across the U.S., soliciting consumers to purchase their services and insurance policies.

5.      By doing so, Defendant Medica has violated the provisions of the Missouri No Call List and Telemarketing prohibitions set forth in §407.1098.1 and Mo. Rev. Stat. § 407.1076 and it violated the TCPA when it contacted numbers on the National Do Not Call Registry without their express written consent. Defendants have caused Plaintiff and Class Members to suffer injuries because of placing unwanted telephonic sales calls to their phones.

6.      Through this action, Plaintiff seeks injunctive relief to halt Defendants Medica and Does unlawful telemarketing calls. Plaintiff additionally seeks damages as authorized by the MDNC and TCPA on behalf of Plaintiff and the Class Members, and any other available legal or equitable remedies resulting from the actions of Defendants described herein.

7.      Because telemarketing calls typically use technology capable of generating thousands of similar calls per day, the Plaintiff sues on behalf of a proposed nationwide class of other people who received similar calls.

Electronically Filed - JEFFERSON - January 24, 2024 - 10:06 AM

8.      A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Missouri Supreme Court Rule 52.08 and pursuant to Federal Rule of Civil Procedure 23(b) (2 and (b)(3).

II.     <u>Parties</u>

9.       Plaintiff Christopher Prosser (hereinafter referred to as "Plaintiff," "Christopher" or "Mr. Prosser") is an individual residing in this District.

10.     Defendant Medica Central Insurance Company ("Medica") is an insurance company and lead generator for other insurance companies. Medica is a Missouri based corporation and is a company that makes telemarketing calls or employs its agents, vendors, or third-party marketing partners to make telemarketing calls within and into this District, to persons on the Federal and Missouri do not call registries, just as it did with the Plaintiff, with its local office located at 315 SE Mizer Blvd., Ste 213, Boca Raton, FL 33432.

11.     Defendants John and Jane Does ("John/Jane Does) 1 through 18 are unknown telemarketers, employees, agents, or vendors of Medica, the company that makes illegal telemarketing calls from this District and to this District to persons on the federal and Missouri do not call registries, just as it did with the Plaintiff.

**<u>Jurisdiction and Venue</u>**

12.     This Court has jurisdiction for violations of the Missouri do not call registries under Chapter 407.010 et seq. RSMo.  As stated in *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012), the Court has subject matter jurisdiction under 47 U.S.C. § 227.

3

Electronically Filed - JEFFERSON - January 24, 2024 - 10:06 AM

13.    This Court has personal jurisdiction over Defendants Medica and the Doe Defendants because they either reside in this District and/or made the calls into this District, and/or they promulgated the policies and procedures and/or had the right to do so for Defendant Medica who encourage, entice, condone, and ratify illegal telemarketing calls into this District to persons on the no call lists. Moreover, Medica and the Doe Defendants have sufficient minimum contacts with the State of Missouri and this District in that they transact business in Missouri, profit personally from Defendant Medica's sales made in Missouri, they send their products to Missouri and advertise in Missouri; the extraterritorial tortious acts complained of within this complaint occurred in Missouri and to a Missouri resident, thereby  subjecting them to Missouri's long arm statute, Section 506.500.1. See *Prosser v. USHealth Advisors, LLC*, 2023 WL 5093872 (E.D. Mo. August 9, 2023); *UMB Bank, N.A. v. Kraft CPAs, PLLC*, 2023 WL 3666879 (U.S. Dist. Ct, W.D. Mo. May 25, 2023); *Hand v. Beach KC, LCC*, 425 F.Supp.1096 (W.D. Mo. 2019).

14.    Venue is proper in accord with 28 U.S.C 1391(b) because the calls at issue were made into this District and/or from this District.

**TCPA Background**

15.    In 1991 Congress enacted the TCPA to regulate explosive growth of the telemarketing industry. In so doing, Congress recognized that "[un]restricted telemarketing . . . can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. 102-243 § 2(5) (1991) (codified at 47 U.S.C. §227).

16.    The National Do Not Call Registry (the "Registry") allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.P.R.§ 64.1200(c)(2).

4

Electronically Filed - JEFFERSON - January 24, 2024 - 10:06 AM

17.     A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

18.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provide a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. 227(c) (5); 47 C.F.R. 64.1200 (c)(2). Damages under this code are up to $1,500 per call or text.

**THE MISSOURI NO-CALL LAW**

19.     Similarly, the Missouri Do Not Call Registry, Mo. Rev. Stat. § 407.1098.1, which is to be construed in *pari materia*, provides:

> No person or entity shall make or cause to be made any telephone solicitation to the telephone line of any residential subscriber in this state who has given notice to the attorney general, in accordance with rules promulgated pursuant to section 407.1101 of the subscriber's objection to receiving telephone solicitations.

20.     A "residential subscriber" is defined as, "a person who has subscribed to residential telephone service from a local exchange company or the other persons living or residing with such person." Mo. Rev. Stat. § 407.1095(2).

21.     A "telephone solicitation" is defined as "any voice communications over a telephone line from a live operator, through the use of ADAD equipment or by other means for the purpose of encouraging the purchase or rental of, or investment in, property, goods or services..." Mo. Rev. Stat. § 407.1095(3).

22.     Defendant's calls to a telephone subscriber on the Missouri Do Not Call List is an unfair practice, because it violates public policy, and because it forced Plaintiff to incur time and

Electronically Filed - JEFFERSON - January 24, 2024 - 10:06 AM

expense without any consideration in return. Defendants' practice effectively forced Plaintiff to listen to Defendants' advertising campaign.

23.     Defendants violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Missouri statutory public policy, which public policy violations in the aggregate caused substantial concrete injury to hundreds of persons.

24.     Defendants' actions prevented the Plaintiff's telephone from being used for other purposes during the time Defendants were occupying the Plaintiff's telephone for Defendants' unlawful purpose.

25.     Chapter 407.1107 provides for up to $5,000 in damages for each knowingly violation.

**THE MISSOURI TELEMARKETING LAW**

26.     Mo. Rev. Stat. § 407.1076 provides in pertinent part:

It is an unlawful telemarketing act or practice for any seller or telemarketer to engage in the following conduct:

(3)     Cause the telephone to ring or engage any consumer in telephone conversation repeatedly or continuously in a manner a reasonable consumer would deem to be annoying, abusive or harassing;
(4)     Knowingly and willfully initiate a telemarketing call to a consumer, or transfer or make available to others for telemarketing purposes a consumer's telephone number when that consumer has stated previously that he or she does not wish to receive solicitation calls by or on behalf of the seller unless such request has been rescinded.

27.     MO Rev. 407.1104 provides in pertinent part:

1.     Any person or entity who makes a telephone solicitation to any residential subscriber in this state shall, at the beginning of such solicitation, state clearly the identity of the person or entity initiating the solicitation.

2.     No person or entity who makes a telephone solicitation to a residential subscriber in this state shall knowingly use any method to block or otherwise circumvent any subscriber's use of a caller identification service.

Electronically Filed - JEFFERSON - January 24, 2024 - 10:06 AM

### III.    Factual Allegations

28.    Defendant's Medica, Does 1 through 18 ("Does", "Telemarketers", "Agents"), and their agents, employees and/or vendors, sell and broker insurance policies which target senior citizens that indemnify policy holders for medical bills and other medical needs.

29.    To generate leads, Defendants Medica, Does 1 through 18, and their agents, employees and/or vendors, and other unknown marketing firms and call centers, make random, robocall and automated dialing system generated telemarketing calls capable of storing and deploying random calls to consumers who have never had a relationship with any of the Defendants, and who never consented to receive their calls.

30.    Plaintiff is and was at all times mentioned herein, a "person" as defined by 47 U.S.C. §153(39).

31.    The Plaintiff personally registered his residential cellular telephone number (the "Number"), 314-698-XXXX, on the National and Missouri State Do Not Call Registries in February 2022, where they have remained continuously since.

32.    Despite this, Defendants Medica, Does 1 through 18, and their agents, employees and/or vendors, as approved, encouraged, enticed and ratified by Defendant's Medica's policies, practices and procedures, placed more than eighteen (18) telemarketing calls and texts to Mr. Prosser beginning on September 14, 2023, when the first call was made from telephone number (800) 285-8197.

33.    During this series of calls, the Doe Defendant's telemarketers stated they were agents for Centene and solicited Mr. Prosser to purchase an Insurance Policy from Defendant Medica.

Electronically Filed - JEFFERSON - January 24, 2024 - 10:06 AM

34.     Just prior to being connected to the telemarketer, Plaintiff Prosser heard a click, a pause, then dead air space and the call was then transferred and connected to the telemarketer.

35.     Despite the fact that Plaintiff indicated that they were interrupting his family time and was extremely busy and could not take the call, and that he was on the National Do Not Call Registry, Defendants Medica, Does 1 through 18, and their agents, employees and/or vendors, made another series of telemarketing calls to the Plaintiff over the next week or more on behalf of the Defendants, collectively.

36.     Each of the illegal telemarketing calls were condoned, encouraged, enticed and ratified by Defendants Medica, Does 1 through 18 and their agents, employees and/or vendors, as detailed supra:[1]

| | | |
|---|---|---|
| a. | 9/14/23 | 10:08 am |
| b. | 9/15/23 | 10:09 am |
| c. | 9/15/23 | 11:20 am |
| d. | 9/18/23 | 11:41 am |
| e. | 9/18/23 | 12:02 pm |
| f. | 9/19/23 | 9:12 am |
| g. | 9/19/23 | 1:15 pm |
| h. | 9/19/23 | 3:45 pm |
| i. | 9/20/23 | 9:51 am |
| j. | 9/20/23 | 12:11 pm |

[1] Plaintiff has repeatedly informed the defendants and their employees, vendors, and agents verbally that they have the wrong number and his number is listed on the Federal and Missouri State do not call registries, and to Stop Calling!; yet they continue to deliberately violate the protections afforded by both the code and statute and have now called and texted Plaintiff's private number listed on the federal no call registry more than 9 times.

Electronically Filed - JEFFERSON - January 24, 2024 - 10:06 AM

| k. | 9/20/23 | 2:20 pm |
| l. | 9/21/23 | 9:10 am |
| m. | 9/21/23 | 11:12 am |
| n. | 9/21/23 | 1:50 pm |
| o. | 9/21/23 | 2:11 pm |
| p. | 9/22/23 | 9:24 am |
| q. | 9/22/23 | 11:56 am |
| r. | 9/22/23 | 12:01 pm |

37.     During each call the telemarketer solicited Mr. Prosser to purchase an insurance policy from or through Defendant Medica and Does 1 through 18.

38.     The Defendants persistently harassed and solicited Mr. Prosser to purchase insurance policies from Defendants Medica and Does 1 through 18 and their agents, employees and/or vendors, even though he is registered on the Federal and Missouri Do Not Call registry and has been for many months prior to their unsolicited marketing calls to his private, personal residential cell phone.

39.     Plaintiffs' privacy and right to seclusion has been grossly, deliberately, and repeatedly violated by the above-described telemarketing calls and Christopher was severely annoyed, harassed and humiliated by myriad telemarketers when he instructed them to stop calling his phone.

40.     The Plaintiff never provided his written consent to receive or request these calls.

41.     Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendants because their rights to privacy and seclusion have been violated, they were annoyed, harassed, and caused  injuries, including incurring telephone service provider fees, wear

Electronically Filed - JEFFERSON - January 24, 2024 - 10:06 AM

and tear on his phone, damage and disruption to his phone's battery life, and other injuries and costs.

42.     Defendants made, and continue to make, these telemarketing calls to individuals nationwide without their prior written express consent to do so.

43.     During all the calls, there was a significant pause before Defendants' representative started speaking, which is a telltale sign that Defendants used a predictive dialer to make the call:

> Predictive dialers initiate phone calls while telemarketers are talking to other consumers . . . In attempting to "predict" the average time it takes for a consumer to answer the phone and when a telemarketer will be free to take the next call, predictive dialers may either "hang-up" on consumers or keep the consumer on hold until connecting the call to a sales representative, resulting in what has been referred to as "dead air."
:

*Act of 1991, 2003 Report and Order*, CG Docket No. 02-278, FCC 03-153, ¶ 146, 18 FCC Rcd. 14014, 14101, 2003 WL 21517853, *51 (July 3, 2003), *available at* http://hraunfoss.fcc.gov/edocs _public/attachmatch/FCC-03-153A1.pdf ("*2003 Report and Order*").

44.     Defendants Medica, Does 1 through 18, and their agents, employees and/or vendors placed numerous calls alleged in this complaint with one or more predictive dialers. Predictive dialers constitute an automatic telephone dialing system; they are capable of storing, producing, and dialing any telephone number, and are capable of storing, producing, and dialing telephone numbers using a random or sequential number generator. Further, no person manually entered Plaintiff and Class members' cellular telephone number when Defendants made the calls alleged below. Rather, the predictive dialer(s) electronically dialed Plaintiff and Class members'

Electronically Filed - JEFFERSON - January 24, 2024 - 10:06 AM

cellular telephones in an automated fashion. The predictive dialers otherwise constitute an "automatic telephone dialing system" under the meaning of 47 U.S.C. § 227(a)(1).

45.    None of the telephone calls alleged in this complaint constituted calls for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

46.    In addition, the calls occupied their telephone lines, rendering them unavailable for legitimate communication and personal family affairs.

## Class Action Allegations

47.    Class Definition: Plaintiff seeks to certify a class and brings this Complaint

against the Defendants, as authorized by Missouri Supreme Court Rule 52.08 and pursuant to Federal Rule of Civil Procedure 23(b) (2 and (b)(3), on behalf of himself and the following Classes:

> **Do Not Call Class ("DNC Class")**:
> All persons in the United States (1) who had his or her telephone number(s) registered with the national Do-Not-Call registry for at least thirty days; (2) who received more than one telephone call made by or on behalf of Defendants that promoted their products or services; (3) within a 12-month period; and (4) for whom Defendants had no current record of consent to place such calls to him or her.

> **Robocall Class and Automatic Telephone Dialing System Class:**
> All persons in the United States who received any unsolicited telephone calls from Defendants or their agents on their cellular phone service through the use of any automatic telephone dialing system or artificial or pre-recorded voice system, which telephone calls by Defendants or their agents were not made for emergency purposes or with the recipients' prior express consent, within four years prior to the filing of this Complaint.

> **Missouri Do Not Call Class ("MDNC Class")**:
> All persons in the State of Missouri (1) who had his or her telephone number(s) registered with the Missouri Do-Not-Call registry for at least thirty days; (2) who received more than one telephone call or text made by `or on behalf of Defendants that promoted insurance policies products or services; (3) within a 12-month period; and (4) for whom Defendants had no current record of consent to place such calls to him or her.

Electronically Filed - JEFFERSON - January 24, 2024 - 10:06 AM

48.    A substantial number of the events which give rise to the claim occurred in St. Louis County, Missouri. Therefore, under Local Rule, this civil action should be assigned to the Circuit Court of St. Louis County, Missouri. In the event the Defendants seek to remove this case to federal Court, the appropriate venue lies in the St. Louis Division of the United States District Court for the Eastern District of Missouri under Missouri's Long Arm Statute.

49.    Excluded from the Class are counsel, the Defendants, and any entities in which the Defendants have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

50.    Class Numerosity: The exact number of members of each Class is unknown and is not available to Plaintiff at this time, but such information is readily ascertainable by Defendants and their agents. The Classes are so numerous that joinder of all members is impractical. Plaintiff alleges that there are more than 40 members of each Class.

51.    The Class as defined above are identifiable through phone records and phone number databases.

52.    The potential members of the Class number at least in the thousands.

53.    Individual joinder of these persons is impracticable.

54.    Plaintiff is a member of the Class.

55.    There are questions of law and fact common to Plaintiff and the proposed Class, including, but not limited to the following:

Electronically Filed - JEFFERSON - January 24, 2024 - 10:06 AM

a.      Whether Defendants used an "automatic telephone dialing system" or "artificial or prerecorded voice" calls as such terms are defined or understood under the TCPA and applicable FCC regulations and orders;

b.      Whether Defendants had written prior express consent to call Class members;

c.      Whether Defendants systematically made telephone calls to members of the DNC and MDNC Classes whose telephone numbers were registered with the state and national Do-Not-Call registries.

d.      Whether Defendants systematically made telephone calls to members of the DNC and MDNC Classes where Defendants did not have a current record of consent to make such telephone calls;

e.      Whether Plaintiff and Class Members are entitled to damages, including whether Defendants' violations were performed willfully or knowingly such that Plaintiff and Class Members are entitled to treble damages; and

f.      Whether Plaintiff and Class Members are entitled to injunctive relief for violations of their privacy and attorney's fees and costs.

56.     The Plaintiffs' claims are typical of the claims of members of the Class. Plaintiff is not different in any relevant way from any other member of the Classes, and the relief he seeks is common to each Class.

57.     Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and he has hired attorneys experienced in class actions, including TCPA class actions.

Electronically Filed - JEFFERSON - January 24, 2024 - 10:06 AM

58.    Predominance and Superiority: The Classes alleged in this Complaint are appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. The damages suffered by each individual member of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. It would be virtually impossible for Class members to individually obtain effective relief from Defendants' misconduct. Even if Class members themselves could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, class actions present far fewer management difficulties and provide the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort, and expense will be fostered, and uniformity of decisions will be ensured.

59.    Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns the identification of class members, which will be ascertainable from records maintained by Defendants and/or their agents, vendors, subsidiaries, and sub-contractors.

60.    Injunctive Relief is Appropriate: Based on information and belief, Defendants Medica Doe's 1 through 18, and their agents, employees and/or vendors continue to engage in

Electronically Filed - JEFFERSON - January 24, 2024 - 10:06 AM

the improper practices discussed above. Injunctive relief is necessary and appropriate to enjoin Defendants' conduct and to prevent irreparable harm to Plaintiff and Class members for which they have no adequate remedy at law.

61.     The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## COUNT I
### Violations of the MDNC Against All Defendants
### by Plaintiff Individually and on Behalf of the MDNC Class

62.     Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 61 as though set forth herein.

63.     Plaintiff brings this claim individually and on behalf of the Missouri No Call and Anti Telemarketing Class Members ("MDNC") against Defendants.

64.     The Defendant's acts and omissions of making eighteen (18) or more calls to Plaintiff's private residential phone constitute multiple violations of the MDNC in that No person or entity shall make or cause any telephone to ring and make any telephone solicitation to the telephone line of any residential subscriber in this state who has given notice to the attorney general, in accordance with rules promulgated pursuant to section 407.1101 and Mo. Rev. Stat. § 407.1076 of the subscriber's objection to receiving telephone solicitations.

65.     A "telephone solicitation" is defined as "any voice communications over a telephone line from a live operator, through the use of ADAD equipment or by other means for the purpose of *encouraging* the purchase or rental of, or investment in, property, goods or services..." Mo. Rev. Stat. § 407.1095(3).

66.     Defendant failed to secure prior express written consent from Plaintiff and the Class Members prior to making these and other calls.

67.    In violation of the MDNC, Defendants made and/or knowingly allowed telephonic collection calls to be made to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent and after notice to the Missouri Attorney General was given that they did not want to receive said calls.

68.    Defendants made and/or knowingly allowed the telephonic calls to Plaintiff and the Class members to be made utilizing an automated system for the selection or dialing of telephone numbers.

69.    As a result of Defendant's conduct, and pursuant to § 407.1076 et seq. of the MDNC, Plaintiff and Class members were harmed and are each entitled to a maximum of $5,000.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

**WHEREFORE**, Plaintiff Prosser and all members of the MDNC class prays for judgment against Defendants Medica and Does 1 through 18, for $5,000.00 per violation or $90,000.00, and for their attorney's fees and costs, appropriate injunctive relief, and for such further relief deemed just and equitable in the premises.

<u>**Telephone Consumer Protection Act (Violations of 47 U.S.C. § 227)**</u>
<u>**(On behalf of Plaintiff and the Robocall and ATDS)**</u>

70.    Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 69 as if fully set forth herein.

71.    The foregoing acts and omissions of Defendants Medica, Does 1 through 18 and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf through the use of an automated dialing system constitute numerous and multiple violations of

Electronically Filed - JEFFERSON - January 24, 2024 - 10:06 AM

the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

72.    The foregoing acts and omissions of Defendants Medica, Does 1 through 18, and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

73.    The Defendant's violations were negligent, willful, or knowing.

74.    As a result of Defendants and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of $1,500 in damages for every call made.

75.    Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff individually and on behalf of all others similarly situated, seeks judgment against Defendants Medica and Does 1 through 18, as follows:

(a) For an order certifying the Classes and naming Plaintiff as the representative of the Classes and Plaintiff's attorneys as Class Counsel to represent the Classes;

(b) For an award of statutory damages for Plaintiff and each member of the Classes;

(c) For an order declaring that the Defendant's conduct violates the statutes referenced herein;

Electronically Filed - JEFFERSON - January 24, 2024 - 10:06 AM

(d) For an order finding in favor of Plaintiff and the Classes on all Counts asserted herein in an amount exceeding $27,000.00.

(e) For prejudgment interest on all amounts awarded;

(f) For an order of restitution and all other forms of equitable monetary relief;

(g) For injunctive relief as pleaded or as the Court may deem proper; and

(h) Such further and other relief as the Court deems necessary.



76.    Plaintiff hereby incorporates by reference as though set forth fully herein paragraphs 1 through 75. Plaintiff asserts this claim on behalf of himself and members of the Do Not Call Registry Class.

77.    47 U.S.C. §227(c) provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

78.    The foregoing acts and omissions of Defendants Medica and Does 1 through 18, and/or its affiliates, agents, and/or other persons or entities acting on Defendants behalf by calling and texting the Plaintiff's residential cell phone eighteen (18) times within a twelve (12) month period in contravention of 47 C.F.R. 64.1200(c), (d), (f) (13), constitute numerous and deliberate violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

Electronically Filed - JEFFERSON - January 24, 2024 - 10:06 AM

79.    Defendant's Medica's and Does 1 through 18's violations were negligent, willful, or knowing.

80.    As a result of Defendants Medica and Does 1 through 18 and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of $1,500 in damages for each call made.

81.    Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant's Centene and Does 1 through 18 from making like calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff individually and on behalf of all others similarly situated, seeks judgment against Defendant's Medica and Does 1 through 18 as follows:

(a) For an order certifying the Classes and naming Plaintiff as the representative of the Classes and Plaintiff's attorneys as Class Counsel to represent the Classes;

(b) For an award of statutory damages for Plaintiff and each member of the Classes in an amount exceeding $27,000.00.

(c) For an order declaring that the Defendant's conduct violates the statutes referenced herein;

(d) For an order finding in favor of Plaintiff and the Classes on all Counts asserted herein;

(e) For prejudgment interest on all amounts awarded;

(f) For an order of restitution and all other forms of equitable monetary relief;

(g) For injunctive relief as pleaded or as the Court may deem proper; and

(h) Such further and other relief as the Court deems necessary.

## COUNT IV

### Defendants' Direct or Vicarious Liability

*COMES NOW*, Plaintiff and for his Fourth cause of action against Defendants Medica and Does 1 through 18, and its employees and/or their agents, vendors and other unknown telemarketers on their behalf, states:

82.    Plaintiff reasserts and incorporates fully herein by reference paragraphs 1 through 81 as though fully set forth herein.

83.    For 28 years now, the FCC has made clear that "the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the TeL Consumer Prot. Act of 1991,* 10 F.C.C. Rcd. 12391, 12397 ¶ 13 (1995).

84.    In 2013 the FCC explained again in detail that a defendant "may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC,* 28 F.C.C. Rcd. 6574 (2013). Both actual and apparent authority, and ratification, can be a basis for a finding of vicarious liability. *Mohon v. Agentra,* 400 F.Supp.3d 1189, 1226 (D. NM 2019).

85.    The FCC has instructed that defendants may not avoid liability by outsourcing

Electronically Filed - JEFFERSON - January 24, 2024 - 10:06 AM

telemarketing:

> [A]llowing the seller to avoid potential liability by outsourcing its telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions. This would particularly be so if the telemarketers were ***judgment proof, unidentifiable, or located outside the United States, as is often the case.*** Even where third-party telemarketers are identifiable, solvent, and amenable to judgment limiting liability to the telemarketer that physically places the call would make enforcement in many cases substantially more expensive and less efficient, since consumers (or law enforcement agencies) would be required to sue each marketer separately in order to obtain effective relief. As the FTC noted, because "[s]ellers may have thousands of `independent' marketers, suing one or a few of them is unlikely to make a substantive difference for consumer privacy."

May 2013 FCC Ruling, 28 FCC Rcd at 6588 (¶ 37) (internal citations omitted).

86.     The FCC has **<u>rejected</u>** a narrow view of TCPA liability, including the assertion that liability requires a finding of formal agency and immediate direction and control over the third-party who placed the telemarketing call. *Mohon v. Agentra,* 400 F.Supp.3d 1189, 1226 (D. NM 2019).

87.     A connection exists between all Defendants herein and the calls complained of by Plaintiff because the calls were directly made on behalf of Defendants Medica by Does 1 through 18, so they could all profit from a common enterprise in which they all substantially participated.

88.     "As the FTC has explained in its Compliance Guide, `taking deliberate steps to ensure one's own ignorance of a seller or telemarketer's Rule violations is an ineffective strategy to avoid liability.'" *FTC v. Chapman,* 714 F.3d 1211, 1216-1219 (l0th Cir. 2013).

89.     Defendants Medica, Does 1 through 18, and their independent contracting agents are directly liable and responsible for the phone calls at issue because John and Jane Does or Centene actually made or initiated the calls to Plaintiffs or they substantially participated, and promulgated the policy and ratified making the calls to persons on the no call list without their express written consent.

Electronically Filed - JEFFERSON - January 24, 2024 - 10:06 AM

90.    Defendants Medica and Does 1 through 18, are vicariously liable for the calls complained of by Plaintiff herein because they:

a)    authorized or caused John and Jane Does 1 through 18 to initiate the phone calls or initiated the calls and texts themselves;

b)    directly or indirectly controlled the persons who actually made or initiated the calls;

c)    allowed the telemarketers and independent agents access to information and operating systems within Defendants' control for the purpose of selling goods and services, without which they would not be able to sell their insurance using robocalling atds, texting, and direct dialing.

d)    allowed the telemarketers and independent contracting agents to enter or provide consumer information into Defendants' sales or operational systems.

e)    approved, wrote, reviewed, or participated in developing the telemarketing sales scripts.

f)    Defendant Medica knew or reasonably should have known or consciously avoided knowing that the actual telemarketers were violating the law and Defendants failed to take effective steps within their power to require compliance, or

g)    Defendants Medica gave substantial assistance or support to John and Jane Does and each other while knowing, consciously avoiding knowing, or being recklessly indifferent to the fact that John and Jane Does were engaged in acts or practices that violated the TCPA and MDNC and ratified each of the illegal calls.

91.    Defendants Medica and co-conspirators John and Jane Does apparently had authority to engage in the autodialing, direct dialing, texting and robocalling at issue herein

22

Electronically Filed - JEFFERSON - January 24, 2024 - 10:06 AM

because after Plaintiff patiently listened to the scripted sales pitch the Defendants all profited from each and every sale they made thereby ratifying their illegal practice.

92.     Defendant Medica ratified the robocalls to Plaintiff described above because they accepted and intended the benefits to them of the calls while knowing or consciously avoiding knowing their telemarketer-agents were robocalling and automated texting cell phones and phone numbers listed on the Federal and Missouri State Registry without complying with the Registry and without prior express written consent of the robocalled, called, and texted consumers.

93.     As a direct and proximate result of the eighteen (18) illegal solicitation calls by the above Defendants, Plaintiff suffered the gross violation of his rights to privacy, solace and seclusion as set forth above, he was frustrated, harassed, annoyed, as well as suffered monetary loss in phone provider service fees, wear and tear on his phone equipment, and the degradation of his battery life.

*WHEREFORE*, Plaintiff prays for entry of judgment against Defendants Medica, Doe's 1 through 18, and their independent contracting agents for their vicarious liability for an additional $117,000.00 and for his statutory, actual and/or treble damages sufficient in size to set a stern example and deter in the future like conduct complained of by Defendants or others. Plaintiff prays for such other and further relief as the court finds proper. Plaintiff requests an award of his attorney fees and costs.

Respectfully submitted,


/s/Edwin V. Butler, Esquire
Edwin V. Butler Mo. 32489
Attorney At Law
Butler Law Group, LLC
1650 Des Peres Rd., Suite 220
St. Louis, MO 63131
edbutler@butlerlawstl.com
(314) 504-0001
Attorney for the Plaintiff


This 24th day of January 2024.